1 | LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2 |   dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3 | Woodland Hills, California 91367
   Telephone:    (818) 347-3333
4 | Facsimile:    (818) 347-4118

5 | Attorneys for Plaintiffs

6 |

7 |                    UNITED STATES DISTRICT COURT

8 |                  CENTRAL DISTRICT OF CALIFORNIA

9 | ESTATE OF TERRY NASH, by and        Case No. 08671
   through successors-in-interest SHERYL
10 | JACKSON and TERRY NASH;           **COMPLAINT FOR DAMAGES**
   SHERYL JACKSON; and TERRY
11 | NASH,                             1. Unreasonable Search and Seizure—
                                          Detention and Arrest (42 U.S.C. §
12 |              Plaintiffs,               1983)
                                       2. Unreasonable Search and Seizure
13 |      vs.                              and Due Process—Excessive Force
                                          and Denial of Medical Care (42
14 | CITY OF SAN BERNARDINO; and          U.S.C. § 1983)
   DOES 1-10, inclusive,              3. Substantive Due Process—(42
15 |                                      U.S.C. § 1983)
                 Defendants.           4. Conspiracy to Violate Civil Rights
16 |                                      (42 U.S.C. § 1983 and 42 U.S.C.
                                          §1985)
17 |                                    5. Due Process—Conspiracy to
                                          Cover-Up (42 U.S.C. § 1983 and
18 |                                       42 U.S.C. §1985)
                                       6. Municipal Liability for
19 |                                      Unconstitutional Custom, Practice,
                                          or Policy (42 U.S.C. § 1983)
20 |                                    7. False Arrest/False Imprisonment
                                       8. Battery
21 |                                    9. Negligence
                                       10. Intentional Infliction of Emotional
22 |                                       Distress
                                       11. Violation of Bane Act (Cal. Civil
23 |                                       Code § 51.7)

24 |                                    **DEMAND FOR JURY TRIAL**

25 |                                    FILED BY FAX
26 |                                    CRC 2005

27 |

28 |

## COMPLAINT

Plaintiffs Estate of Terry Nash, Sheryl Jackson, and Kelvin Nash, for their complaint against Defendants City of San Bernardino and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1.   This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the in-custody death of the decedent, Terry Nash.

## PARTIES

2.   At all relevant times, decedent Terry Nash ("Decedent") was a resident of the County of San Bernardino, California.

3.   Plaintiff ESTATE OF TERRY NASH ("ESTATE") sues by and through its successors-in-interest, SHERYL JACKSON and KELVIN NASH.

4.   Plaintiff SHERYL JACKSON ("JACKSON") is an individual residing in the County of San Bernardino, California, and was at all relevant times the natural mother of Decedent. JACKSON sues both in her individual capacity and in a representative capacity as a successor-in-interest to Decedent. JACKSON seeks both survival and wrongful death damages under federal and state law.

5.   Plaintiff KELVIN NASH ("NASH") is an individual residing in the County of San Bernardino, California, and was at all relevant times the natural father of Decedent. NASH sues both in his individual capacity and in a representative capacity as a successor-in-interest to Decedent. JACKSON seeks both survival and wrongful death damages under federal and state law.

6.   At all relevant times, Defendant CITY OF SAN BERNARDINO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of

-2-

1   Defendants DOES 1 through 6 ("DOE OFFICERS"), who were CITY Police
2   Officers, and DOES 7 through 10 ("DOE SUPERVISORS"), who were managerial,
3   supervisorial, and policymaking employees of the CITY Police Department.  At all
4   relevant times, DOE OFFICERS and DOE SUPERVISORS were residents of San
5   Bernardino County, California.  DOE OFFICERS are sued in their individual
6   capacity for damages only.

7        7.     At all relevant times, Defendants DOE OFFICERS and DOE
8   SUPERVISORS were duly authorized employees and agents of the CITY, who were
9   acting under color of law within the course and scope of their respective duties as
10  police officers and with the complete authority and ratification of their principal,
11  Defendant CITY.

12       8.     At all relevant times, Defendants DOE OFFICERS and DOE
13  SUPERVISORS were duly appointed officers and/or employees or agents of CITY,
14  subject to oversight and supervision by CITY's elected and non-elected officials.

15       9.     At all times mentioned herein, each and every defendant was the agent
16  of each and every other defendant and had the legal duty to oversee and supervise
17  the hiring, conduct and employment of each and every defendant herein.

18       10.    The true defendants DOES 1 through 10, inclusive, are unknown to
19  Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs
20  will seek leave to amend this complaint to show the true names and capacities of
21  these defendants when they have been ascertained.  Each of the fictitious named
22  defendants is responsible in some manner for the conduct and liabilities alleged
23  herein.

24       11.    In doing the acts and failing and omitting to act as hereinafter
25  described, Defendants DOE OFFICERS and DOE SUPERVISORS were acting on
26  the implied and actual permission and consent of CITY.

27
28

COMPLAINT FOR DAMAGES

12.   On June 16, 2009, Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the California Government Code.

13.   On July 27, 2009, CITY denied said claims.

## JURISDICTION AND VENUE

14.   This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

15.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17.   On or about February 28, 2009, JACKSON telephoned the CITY Police Department and reported that her mentally ill son, Decedent, had wandered off from the family home a few days earlier and did not have his medications. JACKSON advised that if CITY Police Officers were to contact Decedent, he might behave erratically because of his psychiatric condition.  On information and belief, this information was conveyed to DOE OFFICERS and DOE SUPERVISORS.

18.   On information and belief, or about March 1, 2009 during daylight hours, the CITY Police Department received a call that Decedent was walking around Secombe Lake Recreation Area in San Bernardino in boxer shorts and a T-shirt.

-4-

19.    DOE OFFICERS rushed into the park and detained and arrested Decedent for no reason.  DOE OFFICERS tackled Decedent, who was obviously experiencing a psychiatric emergency but submitting to police authority.  DOE OFFICERS deployed Taser devices against Decedent multiple times, used body weight on him, and handcuffed and hog-tied him, even though he was complying with all their commands and was having obvious difficulty breathing,

20.    DOE OFFICERS, although having actual and constructive notice and knowledge of Decedent's serious medical conditions, disregarded his medical needs.  As a direct result of Defendants' failure to obtain appropriate medical care for Decedent, Decedent severe pain and suffering and eventually died.

21.    On information and belief, DOE OFFICERS and DOE SUPERVISORS intentionally concealed or tampered with evidence, and intimidated witnesses, to cover-up the unreasonable arrest and use of force against Decedent.

22.    As a result of DOE OFFICERS' aforementioned conduct, Decedent experienced severe pain and suffering and eventually died.  Plaintiffs have lost Decedent's love, care, comfort, companionship, society, and support, and have incurred funeral and burial expenses.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

23.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.    Defendants OFFICERS detained and arrested Decedent in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

-5-

25.   The conduct of DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

26.   Plaintiffs seek survival and wrongful death damages under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

27.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28.   DOE OFFICERS' unreasonable use of force against Decedent deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29.   Defendants DOE OFFICERS knew that failure to treat Decedent's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

30.   Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

31.   As a result, Decedent suffered extreme pain and suffering and eventually lost his life. Plaintiffs JACKSON and NASH have also been deprived of the life-long comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also

COMPLAINT FOR DAMAGES

1   claiming funeral and burial expenses, medical expenses, and a loss of financial

2   support.

3        32.    The conduct of DOE OFFICERS was willful, wanton, malicious and

4   done with an evil motive and intent and a reckless disregard for the rights and safety

5   of Decedent, JACKSON, and NASH, and therefore warrants the imposition of

6   exemplary and punitive damages as to Defendants DOE OFFICERS.

7        33.    Plaintiffs seek both wrongful death and survival damages under this

8   claim.

9

10   **THIRD CLAIM FOR RELIEF**

11   **Substantive Due Process (42 U.S.C. § 1983)**

12   (Against Defendants DOE OFFICERS)

13        34.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

14   through 33 of this Complaint with the same force and effect as if fully set forth

15   herein.

16        35.    Plaintiffs JACKSON and NASH had a cognizable interest under the

17   Due Process Clause of the Fourteenth Amendment of the United States Constitution

18   to be free from state actions that deprive them of life, liberty, or property in such a

19   manner as to shock the conscience, including but not limited to, unwarranted state

20   interference in JACKSON's and NASH's familial relationship with their son,

21   Decedent.

22        36.    As a result of the excessive force by DOE OFFICERS, Decedent died.

23   JACKSON and NASH were thereby deprived of their constitutional right and

24   familial relationship with their son, Decedent.

25        37.    Defendants DOE OFFICERS, acting under color of state law, thus

26   violated the Fourteenth and Amendment right of JACKSON and NASH to be free

27   from unwarranted interference with their familial relationship with their son,

28   Decedent.

38.   The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

39.   As a direct and proximate cause of the acts of DOE OFFICERS, JACKSON and NASH suffered extreme and severe mental anguish and pain and have been injured in mind and body.  JACKSON and NASH have also been deprived of the life-long comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. JACKSON and NASH are also claiming funeral and burial expenses, medical expenses, and a loss of financial support.

40.   The conduct of DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent, JACKSON, and NASH, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

41.   JACKSON and NASH seek wrongful death damages under this claim.

## FOURTH CLAIM FOR RELIEF

**Conspiracy to Violate Civil Rights (42 U.S.C. § 1983 and 42 U.S.C. §1985)**

(Against Defendants DOE OFFICERS)

42.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.   Before or during the course of this incident, DOE OFFICERS conspired to and in fact did deprive Decedent, JACKSON, and NASH of their aforementioned rights under the United States Constitution.

44.   All rights of Decedent, JACKSON, and NASH, as set forth, were violated by DOE OFFICERS by their wrongful detention and arrest, uses of

-8-

1  excessive force, denials of medical care, unreasonable searches, and conscience-
2  shocking actions, as more specifically set forth.

3       45.    On information and belief, DOE OFFICERS conspired to and in fact
4  did deprive Decedent, JACKSON, and NASH of their right to equal protection of
5  the laws and equal privileges and immunities under the laws because of their Black
6  race.

7       46.    On information and belief, DOE OFFICERS agreed and conspired, and
8  shared the same conspiratorial objective with each other to violate the
9  aforementioned constitutional rights of Decedent, JACKSON, and NASH.

10      47.    The conduct of DOE OFFICERS was willful, wanton, malicious and
11  done with an evil motive and intent and a reckless disregard for the rights and safety
12  of Decedent, JACKSON, and NASH, and therefore warrants the imposition of
13  exemplary and punitive damages as to Defendants DOE OFFICERS.

14      48.    Plaintiffs seek both wrongful death and survival damages under this
15  claim.

16

17                        **FIFTH CLAIM FOR RELIEF**
18  **Due Process—Conspiracy to Cover-Up (42 U.S.C. § 1983 and 42 U.S.C. §1985)**
19                     (Against Defendants DOE OFFICERS)

20      49.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
21  through 48 of this Complaint with the same force and effect as if fully set forth
22  herein.

23      50.    On information and belief, DOE OFFICERS conspired to and in fact
24  did deprive Decedent, JACKSON, and NASH of their right to access to the courts
25  under the Due Process Clause of the Fourteenth Amendment of the United States
26  Constitution.

27      51.    As a result, Plaintiffs were forced to incur costs and expenses of
28  investigating and prosecuting their claims, and any inability to recover on their

-9-

1 claims will be a direct result of the actions of DOE OFFICERS in covering-up their
2 violations of the constitutional rights of Decedent, JACKSON, and NASH.

3    52.    On information and belief, DOE OFFICERS conspired to and in fact
4 did deprive Decedent, JACKSON, and NASH of their right to equal protection of
5 the laws and equal privileges and immunities under the laws because of their Black
6 race.

7    53.    On information and belief, DOE OFFICERS agreed and conspired, and
8 shared the same conspiratorial objective with each other to violate the
9 aforementioned constitutional rights of Decedent, JACKSON, and NASH.

10    54.    Decedent, JACKSON, and NASH were deprived of their constitutional
11 rights, and were injured in their person and property as a result of the conspiracy.

12    55.    The conduct of DOE OFFICERS was willful, wanton, malicious and
13 done with an evil motive and intent and a reckless disregard for the rights and safety
14 of Decedent, JACKSON, and NASH and therefore warrants the imposition of
15 exemplary and punitive damages as to Defendants DOE OFFICERS.

16    56.    Plaintiffs seek both wrongful death and survival damages under this
17 claim.

18

19                    **SIXTH CLAIM FOR RELIEF**
20    **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
21              (Against Defendants CITY and DOE SUPERVISORS)

22    57.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
23 through 56 of this Complaint with the same force and effect as if fully set forth
24 herein.

25    58.    On and for some time prior to March 1, 2009 (and continuing to the
26 present date) Defendants CITY and DOE SUPERVISORS, deprived Decedent,
27 JACKSON, and NASH, of the rights and liberties secured to them by the Fourth and
28 Fourteenth Amendments to the United States Constitution, in that said defendants

-10-

1  and their supervising and managerial employees, agents, and representatives, acting
2  with gross negligence and with reckless and deliberate indifference to the rights and
3  liberties of the public in general, and of Decedent, JACKSON, and NASH, and of
4  persons in their class, situation and comparable position in particular, knowingly
5  maintained, enforced and applied an official recognized CITY custom, policy, and
6  practice of:

    (a)   Employing and retaining as police officers and other personnel,
including DOE OFFICERS, who Defendants CITY and DOE
SUPERVISORS at all times material herein knew or reasonably
should have known had dangerous propensities for abusing their
authority by using excessive force and denying medical care, and
for mistreating citizens by failing to follow written CITY Police
Department policies;

    (b)   Of inadequately supervising, training, controlling, assigning, and
disciplining CITY Police Officers, and other CITY personnel,
including DOE OFFICERS, who Defendants CITY and DOE
SUPERVISORS each knew or in the exercise of reasonable care
should have known had the aforementioned propensities and
character traits;

    (c)   By maintaining grossly inadequate procedures for reporting,
supervising, investigating, reviewing, disciplining and
controlling the intentional misconduct by Defendants DOE
OFFICERS, who are CITY Police Officers;

    (d)   By failing to adequately train officers, including Defendants
DOE OFFICERS, and failing to institute appropriate policies,
regarding constitutional procedures and practices for use of a
Taser device, use of restraints, and field contacts with persons

-11-

believed to be mentally ill or under the influence of drugs or alcohol; and

(d)   By having and maintaining an unconstitutional custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, including deadly force, failing to obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, conspiring to violate civil rights, and conspiring to cover-up civil rights violations, which is also demonstrated by inadequate training regarding these subjects. The customs and practices of CITY and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

59.   By reason of the aforementioned policies and practices of Defendants CITY and DOE SUPERVISORS, Decedent was severely injured and subjected to pain and suffering and lost his life.

60.   Defendants CITY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

61.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the life of Decedent and the constitutional as well as human rights of Decedent, JACKSON, and NASH. Defendants CITY and DOE SUPERVISORS and each of their actions were willful,

-12-

1  wanton, oppressive, malicious, fraudulent, and extremely offensive and

2  unconscionable to any person of normal sensibilities.

3      62.   Furthermore, the policies, practices, and customs implemented and

4  maintained and still tolerated by Defendants CITY and DOE SUPERVISORS were

5  affirmatively linked to and were a significantly influential force behind the injuries

6  of Decedent and Plaintiffs.

7      63.   By reason of the aforementioned acts and omissions of Defendants

8  CITY and DOE SUPERVISORS, Plaintiffs were caused to incur funeral and related

9  burial expenses, medical expenses, and loss of financial support.

10     64.   By reason of the aforementioned acts and omissions of Defendants

11  CITY and DOE SUPERVISORS, JACKSON and NASH have suffered loss of love,

12  affection, consortium and future support.

13     65.   Accordingly, Defendants CITY and DOE SUPERVISORS each are

14  liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

15     66.   Plaintiffs seek both wrongful death and survival damages under this

16  claim.

17

18              **SEVENTH CLAIM FOR RELIEF**

19  **False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California**

20                    **Common Law)**

21          (Against Defendants DOE OFFICERS and CITY)

22     67.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

23  through 66 of this Complaint with the same force and effect as if fully set forth

24  herein.

25     68.   DOE OFFICERS, while working as Police Officers for the CITY

26  Police Department, and acting within the course and scope of their duties,

27  intentionally deprived Decedent of his freedom of movement by use of force, threats

28

-13-

1  of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS also
2  arrested Decedent without an arrest warrant.
3       69.    Decedent did not knowingly or voluntarily consent.
4       70.    Decedent was caused to suffer severe emotional distress, severe pain
5  and suffering, mental anguish, humiliation, and false arrest.
6       71.    The conduct of DOE OFFICERS was a substantial factor in causing the
7  harm of Decedent.
8       72.    The CITY is vicariously liable for the wrongful acts of DOE
9  OFFICERS pursuant to section 815.2 of the California Government Code, which
10  provides that a public entity is liable for the injuries caused by its employees within
11  the scope of the employment if the employee's act would subject him or her to
12  liability.
13       73.    The conduct of DOE OFFICERS was malicious, wanton, oppressive,
14  and accomplished with a conscious disregard for the rights of Decedent, entitling
15  Plaintiffs to an award of exemplary and punitive damages.
16
17                    **EIGHTH CLAIM FOR RELIEF**
18          **Battery (Cal. Govt. Code § 820 and California Common Law)**
19                    (Against DOE OFFICERS and CITY)
20       74.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
21  through 73 of this Complaint with the same force and effect as if fully set forth
22  herein.
23       75.    DOE OFFICERS, while working as a Police Officer for the CITY
24  Police Department, and acting within the course and scope of their duties,
25  intentionally tackled, used body weight on, deployed Taser devices, handcuffed, and
26  hog-tied Decedent. As a result, Decedent suffered serious injuries, and ultimately
27  died. DOE OFFICERS had no legal justification for their actions, and said
28

-14-

1 | defendants' use of force against Decedent while carrying out their police duties was
2 | an unreasonable use of force.

3 |     76.   As a direct and proximate result of defendants' conduct as alleged
4 | above, Decedent was caused to suffer severe pain and suffering and ultimately died.
5 | Also as a direct and proximate result of defendants' conduct as alleged above,
6 | JACKSON and NASH suffered extreme and severe mental anguish and pain and
7 | have been injured in mind and body.  JACKSON and NASH also have been
8 | deprived of the life-long comfort, support, society, care and sustenance of Decedent,
9 | and will continue to be so deprived for the remainder of their natural lives.
10 | Plaintiffs also are claiming funeral and burial expenses, medical expenses, and a loss
11 | of financial support.

12 |     77.   CITY is vicariously liable for DOE OFFICERS' wrongful acts
13 | pursuant to section 815.2 of the California Government Code, which provides that a
14 | public entity is liable for the injuries caused by its employees within the scope of the
15 | employment if the employee's act would subject him or her to liability.

16 |     78.   DOE OFFICERS' conduct was malicious, wanton, oppressive, and
17 | accomplished with a conscious disregard for the rights of Decedent, JACKSON, and
18 | NASH, entitling Plaintiffs to an award of exemplary and punitive damages.

19 |     79.   Plaintiffs are seeking wrongful death damages and survival damages
20 | under this claim.

21

22 | **NINTH CLAIM FOR RELIEF**

23 | **Negligence (Cal. Govt. Code § 820 and California Common Law)**

24 | (Against All Defendants)

25 |     80.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1
26 | through 79 of this Complaint with the same force and effect as if fully set forth
27 | herein.

28

-15-

81.   The actions of DOE OFFICERS and DOE SUPERVISORS toward Decedent were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against Decedent;

(b)   the failure to monitor and record any use of force by CITY Police Officers, including DOE OFFICERS;

(c)   the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including DOE OFFICERS;

(d)   the negligent tactics and handling of the situation with Decedent;

(e)   the negligent detention, arrest, and use of force including deadly force against Decedent;

(f)   the failure to properly train and supervise employees, both profession and non-professional, including DOE OFFICERS;

(g)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent;

(h)   the failure to provide prompt medical care to Decedent;

(i)   the negligent handling of evidence and witnesses; and

(k)   the negligent approach to dealing with a person experiencing a psychiatric emergency.

82.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died as a result of the unnecessary use of force and untimely medical attention.  Also as a direct and proximate result of defendants' conduct as alleged above, JACKSON and NASH suffered extreme and severe mental anguish and pain and have been injured in mind and body. JACKSON and NASH also have been deprived of the life-long comfort, support,

-16-

1  society, care and sustenance of Decedent, and will continue to be so deprived for the
2  remainder of their natural lives.  Plaintiffs also are claiming funeral and burial
3  expenses, medical expenses, and a loss of financial support.

4      83.    The CITY is vicariously liable for DOE OFFICERS' and DOE
5  SUPERVISORS' wrongful acts pursuant to section 815.2 of the California
6  Government Code, which provides that a public entity is liable for the injuries
7  caused by its employees within the scope of the employment if the employee's act
8  would subject him or her to liability.

9      84.    DOE OFFICERS' and DOE SUPERVISORS' conduct was malicious,
10  wanton, oppressive, and accomplished with a conscious disregard for the rights of
11  Decedent, JACKSON, and NASH, entitling Plaintiffs to an award of exemplary and
12  punitive damages.

13      85.    Plaintiffs are seeking wrongful death damages and survival damages
14  under this claim.

15
16                          **TENTH CLAIM FOR RELIEF**
17      **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820 and**
18                              **California Common Law)**
19                  (Against Defendants DOE OFFICERS and CITY)

20      86.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
21  through 85 of this Complaint with the same force and effect as if fully set forth
22  herein.

23      87.    OFFICERS, while working as Police Officers for the CITY Police
24  Department, and acting within the course and scope of their duties, engaged in
25  conduct that was outrageous, including but not limited to:

26          (a)    Falsely detaining and arresting, and using excessive force against
27              Decedent, who was not resisting arrest, posed no safety threat,
28              and had not committed any crime;

-17-

COMPLAINT FOR DAMAGES

(b)    Failing to summon medical assistance for Decedent; and

(c)    Ignoring or concealing evidence of the unjustified use of force and taking steps to cover-up the wrongful conduct;

88.    DOE OFFICERS abused a position of authority over Decedent, and knew that their conduct would likely result in harm due to mental distress.

89.    DOE OFFICERS intended to cause Decedent severe emotional distress, or acted with reckless disregard of the probability that Decedent would suffer emotional distress.

90.    Decedent suffered severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

91.    The conduct of DOE OFFICERS was a substantial factor in causing the severe emotional distress of Decedent.

92.    CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.    The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs to an award of exemplary and punitive damages.

94.    Plaintiffs are seeking survival damages under this claim.

## ELEVENTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 51.7 and California Common Law)

(Against DOE OFFICERS and CITY)

95.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

-18-

96.    DOE OFFICERS, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Decedent, JACKSON, and NASH to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

97.    Decedent, JACKSON, and NASH reasonably believed that if they exercised their rights, DOE OFFICERS would commit acts involving violence, threats, coercion, or intimidation against them or their property.

98.    DOE OFFICERS injured Decedent, JACKSON, and NASH, to prevent Decedent, JACKSON, and NASH from exercising their rights or retaliate against Decedent, JACKSON, and NASH for having exercised their rights.

99.    Decedent was caused to suffer severe pain and suffering and ultimately died.  JACKSON and NASH suffered severe mental anguish and pain and have been injured in mind and body.  JACKSON and NASH have been deprived of the life-long comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs incurred funeral and burial expenses, medical expenses, and loss of financial support.

100.    The conduct of DOE OFFICERS was a substantial factor in causing the harms, losses, injuries, and damages of Decedent, JACKSON, and NASH.

101.    CITY is vicariously liable for the wrongful acts of DOE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

102.    The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, JACKSON, and NASH, entitling Plaintiffs to an award of exemplary and punitive damages.

103.    Plaintiffs seek wrongful death and survival damages under this claim.

-19-

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of San Bernardino and Does 1-10, inclusive, as follows:

    A.   For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.   For funeral and burial expenses, medical expenses, and loss of financial support;

    C.   For punitive damages against the individual defendants in an amount to be proven at trial;

    D.   For interest;

    E.   For reasonable costs of this suit and attorneys' fees; and

    F.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED: November 20, 2009    LAW OFFICES OF DALE K. GALIPO

By _____
Dale K. Galipo
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: November 20, 2009    LAW OFFICES OF DALE K. GALIPO

By _____
Dale K. Galipo
Attorneys for Plaintiffs

-20-

COMPLAINT FOR DAMAGES